

FILED & JUDGMENT ENTERED
Steven T. Salata

September 23 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_George R. Hodges_
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Asheville Division

In re:

SMOKY MOUNTAIN COUNTRY CLUB
PROPERTY OWNERS' ASSOCIATION,
INC.

    Debtor.[1]

Chapter 11

Case No. 19-10286

### ORDER GRANTING ELEVENTH INTERIM APPLICATION OF
### RAYBURN COOPER & DURHAM, P.A. FOR ALLOWANCE OF COMPENSATION
### AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
### JULY 1, 2020 THROUGH AUGUST 31, 2020

THIS CAUSE came on before the undersigned United States Bankruptcy Judge upon the ELEVENTH INTERIM APPLICATION OF RAYBURN COOPER & DURHAM, P.A. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2020 THROUGH AUGUST 31, 2020 (the "Interim Period") (Docket No. 369), filed on September 4, 2020 by Rayburn Cooper & Durham, P.A. ("RCD") as Counsel for the Debtor herein (the "Interim Fee Application").  It appears to the Court as follows:

---

[1] Debtor is the following entity (the last four digits of its employer identification number follow in parentheses): Smoky Mountain Country Club Property Owners' Association, Inc., (1897). The Debtor's address is 2602 Hendersonville Road, Arden, NC, 28704.

{00342537 v 1 }

1. The Interim Fee Application, together with a Notice of Opportunity for Hearing (the "Notice"), was served upon the parties required by Local Bankruptcy Rule 2002-1(g), the Bankruptcy Administrator for the Western District of North Carolina and the Debtor's 20 largest unsecured (the "Notice Parties"). The Court finds that the notice and opportunity for hearing is proper and adequate and that no other or further notice is necessary.

2. RCD rendered valuable services to the Debtor during this Chapter 11 proceeding as counsel for the Debtor herein from July 1, 2020 through August 31, 2020.

3. RCD incurred certain reasonable fees, costs and expenses on behalf of the Debtor from July 1, 2020 through August 31, 2020, and the amount of fees, costs and expenses requested by RCD is fair and reasonable given (a) the complexity of the cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

4. RCD is entitled to approval, on an interim basis, of 100% of fees in the amount of $10,007.50 as reasonable, actual and necessary professional services rendered by it on behalf of the Debtor during the Interim Period and interim reimbursement of expenses incurred during the Interim Period of $866.33 as reasonable, actual and necessary.

5. The above findings are made on an interim basis, and subject to the rights of creditors, or any other party in interest, to object to final allowance of the fees and expenses approved herein.

Based upon the foregoing and for good cause shown, it is therefore ORDERED that:

A. The Interim Fee Application is GRANTED, and RCD is allowed compensation and reimbursement of expenses for the Interim Period in the amounts set forth in the Interim Fee Application; and

{00342537 v 1 }

   B.  RCD is hereby allowed and awarded, and the Debtor is authorized and directed to pay, RCD attorneys' fees in the amount of $10,007.50 and expenses in the amount of $866.33 for a total of $10,873.83 as set forth in the Interim Fee Application on an interim basis, pursuant to 11 U.S.C. § 331.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

3

{00342537 v 1 }