# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Asheville Division

| | |
|---|---|
| IN RE:<br><br>SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS' ASSOCIATION, INC.<br><br>    Debtor.[1] | Chapter 11<br><br>Case No. 19-10286 |

### DEBTOR'S OBJECTION TO MOTION REQUESTING
### <u>RELIEF FROM AUTOMATIC STAY</u>

Smoky Mountain Country Club Property Owners' Association, Inc., (the "Debtor"), debtor-in-possession in the above-captioned case, hereby objects (the "Objection") to Ronnie C. Hedgepeth, Jr., and Shira L. Hedgepeth's (the "Hedgepeths") Motion Requesting Relief from Automatic Stay (the "Second Stay Relief Motion") [Docket No. 381] filed on October 29, 2020, and respectfully states as follows:

1.  The Court should deny the Second Stay Relief Motion because the Hedgepeths previously requested the same relief, the prior request was unreservedly denied, and the Hedgepeths did not timely appeal from that denial.

2.  The "adjudication of a motion for relief from the automatic stay . . . yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." <u>Ritzen Grp., Inc. v. Jackson Masonry, LLC</u>, 140 S. Ct. 582, 586 (2020).

3.  Earlier in this Chapter 11 Case, the Hedgepeths filed two identical motions – the Motion Requesting Relief from Automatic Stay [Docket No. 116] and the Motion Requesting

---

[1] Debtor is the following entity (the last four digits of its employer identification number follow in parentheses): Smoky Mountain Country Club Property Owners' Association, Inc., (1897). The Debtor's address is 2602 Hendersonville Road, Arden, NC, 28704.

{00345483 v 3 }1

Relief from Automatic Stay [Docket No. 136] (collectively, the "First Stay Relief Motion"), which sought the same relief sought in the Second Stay Relief Motion. On January 21, 2020, this Court entered its Order Denying Interested Parties' Motion Requesting Relief from Stay [Docket No. 300] (the "Stay Relief Order"), which denied the First Stay Relief Motion. The Stay Relief Order is a final, appealable order in which this Court unreservedly denied the relief sought by the Hedgepeths. However, the Hedgepeths did not appeal the Stay Relief Order, and the time to appeal the Stay Relief Order has expired.

4. Because the Hedgepeths failed to appeal the Stay Relief Order, they are precluded from litigating regarding the enforceability of the assessments against them in state court, and the Second Stay Relief Motion should be denied. "Ruling on a motion for stay relief, it is true, will determine where the adjudication of an adversary claim will take place—in the bankruptcy forum or state court." See Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 590 (2020) (noting denial of stay relief motion may have the effect of "denying a plaintiff the opportunity to seek relief in its preferred forum").

5. Like Ritzen, the Stay Relief Order was a conclusive denial of the Hedgepeths' ability to litigate their claims in state court. And as in Ritzen, the Hedgepeths seek a second bite at the apple by seeking to litigate their claims in state court even though the Stay Relief Order foreclosed state court as an available forum to adjudicate their requested relief.

6. For the reasons stated above, the Second Stay Relief Motion should be denied.

[REMAINDER OF PAGE IS INTENTIONALLY BLANK]

This the 13th day of November, 2020.

          RAYBURN COOPER & DURHAM, P.A.

By:   /s/ John R. Miller, Jr.
      John R. Miller, Jr.
      N.C. State Bar No. 28689
      Matthew L. Tomsic
      N.C. State Bar No. 52431
      Rachel M. Buck
      N.C. State Bar No. 52604
      Suite 1200, The Carillon
      227 West Trade Street
      Charlotte, NC  28202
      (704) 334-0891

*Counsel to the Debtor*