IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Case No. 19-10286

IN RE:

SMOKY MOUNTAIN COUNTRY CLUB
PROPERTY OWNERS' ASSOCIATION,
INC.

### MOTION TO RECONSIDER

Ronnie C. Hedgepeth, Jr. and Shira Hedgepeth, (hereinafter "Appellants") file this Motion to Reconsider pursuant to Rule 9023, and say:

1. Movants filed a Motion for Relief of Automatic Stay [Docket No. 381] on 29 October 2020 which was heard on 18 November 2020 before the Honorable George R. Hodges.

2. An entry to the record of Disposition was entered on 18 November 2020 whereby the Motion was denied.

3. An Order Denying Motion for Relief from Stay was entered on 2 December 2020 [Docket No. 394] and Movants now request the Court to Reconsider the Motion.

4. During the hearing on the Motion, the Court relied upon *Ritzen Grp., Inc.v. Jackson Masonry*, LLC, 140 S. Ct. 582, 586 (2020) providing that the same Motion had been filed twice previously and when it was denied it was not appealed.

5. First, the Court is incorrect that this is the same Motion was previously filed. The current Motion seeks relief from the stay for two reasons: 1) a declaratory judgment regarding the Movant's obligation to pay as the Debtor has now announced that it will be starting legal action

1

against Movant and others and 2) to commence an action against the Debtor for Unfair Debt Collection practices.

6. Secondly, in reviewing the record, a Motion for Relief of Stay was filed on 2 December 2019 as Motion to Confirm Termination or Absence of Stay [Docket No. 116] and a Defective Notice was entered into the system on 2 December 2019 [Docket No. 131] with a corrected document due by 10 December 2019.

7. The corrected document was submitted to the Court on 3 December 2019 [Docket No. 136]. A notice of Defective Entry or Filing was submitted by the Court for failure to provide a Notice of Hearing. [Docket No. 138]

8. A Notice of Hearing was filed on 6 December 2019 [Docket No. 150] with an Amended Notice of Hearing filed the same day [Docket No. 152]

9. The record reflects the filing of one Motion for Relief of Stay with a corrective filing of the same Motion not two separate filings of the Motion. The filing of the Second Motion was only to correct the defects of the first filing.

10. The Debtor's filed a response to Movant's Motion [Docket No. 230] and the Motion was heard on 18 December 2019.

11. A disposition of Hearing before the Honorable George R. Hodge denying the Motion was entered into the system on the same day.

12. No Order finalizing the Motion was entered into the system to trigger the Movant's ability to Appeal or act upon the final decision so Movants never had the opportunity to appeal the first Motion for Relief of Stay.

13. Further, in applying *Ritzen,* that Court leaves no doubt that stay relief determination are final decisions allowing for appeal. However, that Court did not decide "whether finality

would attach to an order denying stay relief if the bankruptcy court enters it "without prejudice" because further developments might change the stay calculus.

14. Even though disposition of Hearing denying the Movants motion was entered on 18 December 2019, no Order was entered into the system regarding as a final Order providing whether or not the Motion was denied with or without prejudice.

15. Orders entered by the Bankruptcy Court without providing if the Order is with or without prejudice are generally viewed as being without prejudice, even if that is not expressly stated in the order so the first Motion should be viewed as without prejudice as the issue is still unresolved.

16. *Ritzen* only provides that the bankruptcy court's decision on the motion is a final, appealable order, meaning that if the Movant wishes to appeal that determination, it has the right to appeal that decision immediately. It does not preclude a Movant from bring the Motion if there is a change in circumstances that would grant such relief or if the Motion was denied without prejudice.

17. There has been a change in circumstances since the first Motion for Relief of Stay was heard by the Court. The Debtor has begun the collection process and the Movants need to know their obligations to the Debtor which have never been determined by a Court. Additionally, the current Motion also request relief from the stay because of the unfair and unreasonable tactics utilized by the Debtor to collect.

18. The previous denial was without prejudice.

WHEREFORE, Movants, respectfully requests this Court reconsider its ruling denying their Motion for Relief of Stay.

This the 3rd day of December 2020.

BY:   /s/Shira Hedgepeth

Shira Hedgepeth
Attorney for the Plaintiff
PO Box 514
Cullowhee, NC 28723
Phone: 828.585.5044
Fax: 828.585.6097
Email: shira@legal-decisions.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on December 3, 2020, I electronically filed the foregoing Motion for Reconsideration the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: John R. Miller, Jr., Rayburn Cooper & Durham, P.A., 1200 Carillon, 227 W. Trade Street, Charlotte, NC 28202 and Edward Hay, Pitts, Hay & Hugenschmidt, P.A., 14 Clayton Street, Asheville, NC 28801.


                              BY: __/s/Shira Hedgepeth_____

                                    Shira Hedgepeth
                                    Attorney for the Plaintiff
                                    PO Box 514
                                    Cullowhee, NC 28723
                                    Phone: 828.585.5044
                                    Fax: 828.585.6097
                                    Email: shira@legal-decisions.com

Dated December 31, 2019.

/s/ Shira Hedgepeth

_____
Shira Hedgepeth, Attorneys for Ronnie C. Hedgepeth, Jr. and Shira Hedgepeth

I hereby certify that on December 31, 2019, I electronically filed the foregoing Notice of Appeal with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: John R. Miller, Jr., Rayburn Cooper & Durham, P.A., 1200 Carillon, 227 W. Trade Street, Charlotte, NC 28202; Edward Hay, Pitts, Hay & Hugenschmidt, P.A., 14 Clayton Street, Asheville, NC 28801; and Shelley K. Abel, US Bankruptcy Administrator, 402 Trade Street, Charlotte, NC 28202.

/s/ Shira Hedgepeth

_____