

FILED & JUDGMENT ENTERED
Steven T. Salata

January 5 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Asheville Division

| | |
|---|---|
| In re: | |
| SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS' ASSOCIATION, INC. | Chapter 11 |
| | Case No. 19-10286 |
| Debtor.[1] | |

### ORDER GRANTING FINAL APPLICATION OF RAYBURN COOPER & DURHAM, P.A. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 26, 2019 THROUGH OCTOBER 21, 2020

THIS CAUSE came on before the undersigned United States Bankruptcy Judge upon the THIRTEENTH INTERIM AND FINAL APPLICATION OF RAYBURN COOPER & DURHAM, P.A. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 26, 2019 THROUGH OCTOBER 21, 2020 (the "Final Period") (Docket No. 405), filed on December 15, 2020 by Rayburn Cooper & Durham, P.A.

---

[1] Debtor is the following entity (the last four digits of its employer identification number follow in parentheses): Smoky Mountain Country Club Property Owners' Association, Inc., (1897). The Debtor's address is 2602 Hendersonville Road, Arden, NC, 28704.

{00347267 v 1 }

("RCD") as Counsel for the Debtor herein (the "Final Fee Application"). It appears to the Court as follows:

1. The Final Fee Application, together with a Notice of Opportunity for Hearing (the "Notice"), was served upon the parties required by Local Bankruptcy Rule 2002-1(g), the Bankruptcy Administrator for the Western District of North Carolina and the Debtor's 20 largest unsecured (the "Notice Parties"). The Court finds that the notice and opportunity for hearing is proper and adequate and that no other or further notice is necessary.

2. On December 17, 2019, the Debtor filed the Amended Plan of Reorganization of Smoky Mountain Country Club Property Owners' Association, Inc., and Creditor SMCC Clubhouse, LLC [Docket No. 253] (the "Plan"). On December 19, 2019, the Bankruptcy Court entered its Order Confirming Plan of Reorganization of Smoky Mountain Country Club Property Owners' Association, Inc., and Creditor SMCC Clubhouse, LLC [Docket No. 260] (the "Confirmation Order"). The Effective Date (as defined in the Plan) occurred on October 22, 2020.

3. RCD is entitled to final approval allowing all of its attorney fees in the amount of $317,011.50 and allowing all of its reasonable and necessary costs and expenses in the amount of $22,671.55 for a total of $339,683.05 for the period from July 26, 2019 through October 21, 2020.

4. RCD rendered valuable services to the estates of the Debtor during this Chapter 11 proceeding as counsel for the Debtor herein from July 26, 2019 through October 21, 2020 and RCD incurred certain reasonable costs and expenses on behalf of the Debtor from July 26, 2019 through October 21, 2020.

5. The amounts requested by RCD are fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the

2

{00347267 v 1 }

value of such services, and (e) the costs of comparable services other than in a case under this title.

6. The fees and expenses of RCD from July 26, 2019 through October 21, 2020, should be allowed upon consideration of applicable law as set forth in a number of decisions of the United States Supreme Court and the Fourth Circuit Court of Appeals: Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); Pennsylvania v. Delaware Valley Cit. Council, 107 S.C. 3078 (1987); Lilly v. Harris-Teeter Supermarket, 842 F.2nd 1496 (4th Cir. 1988); Daly v. Hill, 790 F.2d 1071 (4th Cir. 1986); and Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978), cert. denied, 439 U.S. 934 (1979) which adopted the standards of Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Under the rule of Barber, these standards include the time and labor expended; the novelty and difficulty of the questions raised; the skill required to perform properly the legal services rendered; the attorney's opportunity costs in handling the case; the customary fee for like work; the attorney's expectations at the outset of the case; the time limitations imposed by the client or circumstances; the amount in controversy and the results obtained; the experience, reputation and ability of the attorney; the undesirability of the case within the legal community in which the case arose; the nature and length of the professional relationship between attorney and client; and attorneys' fees in similar cases. Under these standards, the compensation and rates requested in this Final Fee Application for the period from July 26, 2019 through October 21, 2020 are reasonable for services rendered by RCD in this case.

7. Entry of this Order is without prejudice to RCD seeking additional fees and expenses for services rendered and expenses incurred in this case.

Based upon the foregoing and for good cause shown, it is therefore ORDERED that:

A. The Final Fee Application is GRANTED, ALLOWED AND AWARDED; and

{00347267 v 1 }

B. RCD is allowed and awarded final approval of all of the RCD attorneys' fees in the amount of $317,011.50 and expenses in the amount of $22,671.55 for a total award of $339,683.05 for the period of July 26, 2019 through October 21, 2020 as final; and

C. The Debtor is authorized and directed to pay RCD the amount of the final award of fees and expenses less all previous payments.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

4

{00347267 v 1 }